**In re N. K. PARRISH, INC., Debtor.**

**Robert B. WILSON, Trustee, Plaintiff,**

v.

**N. K. PARRISH, Trustee of N. K. Parrish, Inc., Pension Plan, Defendant.**

**Bankruptcy No. 580–00049.**
**Adv. No. 581–0043.**

United States Bankruptcy Court,
N. D. Texas,
Lubbock Division.

May 11, 1981.

Gary A. Ward, Lubbock, Tex., for debtor N. K. Parrish Pension Plan.

Robert B. Wilson, Lubbock, Tex., for plaintiff.

MEMORANDUM AND ORDER

BILL H. BRISTER, Bankruptcy Judge.

An involuntary petition for relief under Chapter 7 of Title 11, United States Code, was filed against N. K. Parrish, Inc., on July 1, 1980. Thereafter on August 14, 1980, N. K. Parrish, Inc. moved to convert the case to one under Chapter 11 and for appointment of an examiner. Thereafter on January 6, 1981, order was entered converting the case to one under Chapter 11 of Title 11, United States Code, upon the application of the debtor. At all times relevant to this memorandum Robert B. Wilson has served as trustee.

Prior to the filing of the involuntary petition against it, the debtor had been engaged in business in the vicinity of Lubbock, Tex-

as. On January 1, 1977, it had adopted the N. K. Parrish, Inc., Pension Plan, to be administered by one trustee "who shall be appointed by and serve at the pleasure of the employer." At all times relevant to the issues in this case N. K. Parrish, individually, served as the trustee of the Plan. He was also the major stockholder and principal officer of N. K. Parrish, Inc., debtor, and he is the principal beneficiary under the Pension Plan.

Robert B. Wilson, Trustee, filed application with the court for order to remove N. K. Parrish as trustee of the N. K. Parrish, Inc., Pension Plan, citing as his authority to so remove N. K. Parrish from serving as trustee the provision in the Plan that the "employer" has the sole power to remove and appoint the trustee. He claims further that N. K. Parrish, as trustee, has breached his fiduciary duty and has been guilty of acts of misfeasance and nonfeasance which necessitate his removal as trustee of the Plan.

Pretermitting resolution of the issue as to whether there has been such breach of fiduciary duty or other acts which justify removal as trustee of the Pension Plan, there is an issue as to whether the trustee in bankruptcy has the standing to remove, or seek removal, of the trustee.

Under former § 70(a)(3) of the Bankruptcy Act the trustee was vested by operation of law with the title of the bankrupt to powers which the bankrupt might have exercised for his own benefit, but not those which he might have exercised solely for some other person. That provision was expanded under the Code. Pursuant to 11 U.S.C. § 541(b) any power that the debtor may exercise solely for the benefit of an *entity* other than himself is excluded from property of the estate. The term "entity" is defined under § 101(14) as including a "person, estate, trust, or governmental unit".

§ 541(b) may reasonably be construed so that if the power may be exercised for the benefit of another entity, but is capable of also conferring benefit on the debtor, it does become property of the estate. In this case, however, there is no apparent benefit which is capable of being conferred on the debtor corporation. The trustee in bankruptcy argues that he has a cause of action against the trust and against N. K. Parrish, individually, because funds of the corporate debtor were contributed on behalf of the former wife of N. K. Parrish into the Pension Plan. Assuming that to be the case any action against N. K. Parrish, individually, or against the pension fund itself, is property of the estate within the meaning of § 541(a). However, the interest is that of creditor of the pension fund or creditor of Parrish, individually. The interest as creditor of the pension fund conflicts with the claimed authority of the bankruptcy trustee, as successor to the "employer", to remove and appoint a trustee for the Pension Plan. The interest of the bankruptcy trustee as creditor is not an interest which prevents the operation of § 541(b). The bankruptcy trustee does not contend, and it does not otherwise appear, that the Pension Plan may be avoided and all of its assets returned to the debtor corporation.

The power which the bankruptcy trustee seeks to exercise is not capable of conferring any apparent benefit on the debtor, and the exercise of that power is prohibited under the provisions of 11 U.S.C. § 541(b).

It is, therefore, ORDERED by the court that the motion by the trustee in bankruptcy for removal of N. K. Parrish as trustee and for appointment of successor trustee for the N. K. Parrish Inc., Pension Plan, should be, and it is hereby, denied and dismissed without prejudice.

LET JUDGMENT BE ENTERED ACCORDINGLY.

The clerk is directed to file this order and to furnish a copy of the order to the attorneys of record.